UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUUL LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FARMINGTON XPRESS MART LLC, <br><br> Defendant. | Civil Action No. |

**EXHIBIT D OF THE COMPLAINT**

# CLEMENT & HO
## A PROFESSIONAL LAW CORPORATION

201 W. Whiting Avenue
Fullerton, CA 92832
Phone: 714-882-5794
Fax: 714-882-5795
www.clementandholaw.com

Writer's E-mail: randy@clementandholaw.com

November 13, 2019

***Via U.S. Mail***

Abdul Rasheed Mohamed Kamil
Farmington Xpress Mart LLC
10 Carle Rd.
Branford, CT 06405

      Re:    <u>JUUL Diverted Merchandise (Our File No. 2019-12-0708)</u>

Dear Abdul Rasheed Mohamed Kamil:

    This office represents JUUL Labs, Inc. (hereinafter, "JLI"), the designer, manufacturer, and distributor of JUUL-branded electronic nicotine delivery systems and other related products.

    It has come to our attention that you are making sales of JUUL products at the Shell Food Mart located at 860 Farmington Ave., Farmington, Connecticut 06032 outside authorized sales channels and territories (sales of diverted JUUL products), including sales within the United States of JUUL products not legally permitted to be introduced into interstate commerce in the United States or otherwise authorized for sale in the United States. Your sales are not authorized by JLI and you are apparently receiving your products from another source. Your practices have caused damage for which JLI can seek legal remedy against you, including damage to JLI (including the value of its brand, goodwill, and intellectual property), JLI's authorized sales channels, and JLI's consumers.

    JLI demands that you, including your affiliates, partners, agents, representatives, and employees immediately cease and desist your unauthorized sales of JUUL products. Further, you, including your affiliates, partners, agents, representatives, and employees are hereby notified that all JLI authorized accounts are contractually prohibited from diverting product to another territory. Therefore, when you purchase such diverted JUUL products, you are inducing and causing a breach of a JLI agreement which could subject you to further civil liability for interference with contractual relations. If you continue to solicit or sell diverted JUUL products after this notice, JLI could seek court determination that your actions are willful.

    In furtherance of your scheme, you also use JLI's trademarks, copyrighted images, and copyrighted text without authorization from JLI. For example, JLI is the exclusive owner of numerous trademarks registered with the United States Patent and Trademark Office, including the brand name JUUL and the JUUL logo, a stylized version of the brand name (Registration Nos. 4818664 and 4898257 for "the JUUL Marks"). Federal statutes prohibit you from using the JUUL Marks without JLI's permission. *See, e.g*, 15 U.S.C. §§ 1114-1118 and 1125(a). These statutes prohibit the sale, manufacture, and importation of unauthorized product branded with the JUUL Marks as such practices inevitably confuse consumers that such products are introduced into the US market by JLI and are in compliance with all application US regulations.

CLEMENT & HO
A PROFESSIONAL LAW CORPORATION

Abdul Rasheed Mohamed Kamil
Farmington Xpress Mart LLC
November 13, 2019
Page 2

    If litigation is initiated and you are found in court to have violated these statutes, JLI is entitled to seek a monetary judgment against you comprised of any or all of the following: your profits, damages sustained by JLI, the costs of pursuing a court action against you, treble damages for use of a counterfeit mark, and/or statutory damages. Should this matter proceed to litigation, JLI will seek the maximum monetary judgment to which it is entitled. Should you claim that your infringement of the JUUL Marks was unintentional, you should be aware that such a claim does not form the basis for dismissing a court action against you. An innocent infringement damages a trademark owner just as much as an intentional one. Although your intent to infringe may play a role in assessing damages, intent is not a statutory requirement for finding trademark infringement. Further, you should be aware that willful ignorance to JLI's rights constitutes intent under the law.

    JLI demands that you, including your affiliates, partners, agents, representatives, and employees immediately cease and desist your unauthorized use of JLI intellectual property.

    Moreover, you now have actual notice of JLI's exclusive rights to its intellectual property, and, accordingly, any continued infringement will leave no doubt as to the willful nature of your infringement under federal law, allowing for an award of enhanced damages against you in a civil action.

    Finally, the sale of diverted JUUL products harms JLI and its consumers by constituting violations of applicable laws, regulations and other administrative requirements governing JUUL products in the United States. For example, it is likely that these diverted JUUL products do not comply with the required warning statement for "covered tobacco products," as defined by the Food & Drug Administration, under 21 C.F.R. §1143.3, given that these products were not intended for introduction into interstate commerce in the United States.

    You or your attorney may contact me at the number above no later than November 27, 2019 to discuss pre-litigation resolution of these issues. Such resolution would be based on mutually agreed terms and would provide you with a legal release of claims pending against you.

    Nothing in this letter should be deemed a waiver of any of JLI's rights, claims, or remedies, all of which are expressly reserved.

    Sincerely,

    Randall J. Clement
    for CLEMENT AND HO,
    A PROFESSIONAL LAW CORPORATION